UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-20911-CR-BLOOM

UNITED STATES OF AMERICA,

v.

JOSE LUIS AGUILAR LOPEZ,

       Defendant.
_____/

**UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION FOR
SENTENCE REDUCTION PURSUANT TO 18 U.S.C § 3582(c)(2)**

      The United States opposes the defendant's motion for sentence reduction, pursuant to 18 U.S.C. § 3582(c)(2), in light of a retroactive amendment to the United States Sentencing Guidelines (DE 312). This motion should be denied because, despite the defendant's eligibility, the 18 U.S.C. § 3553(a) factors weigh against granting relief.

    **I.**    **COURSE OF PROCEEDINGS IN THE CRIMINAL CASE**

      On December 10, 2013, a Grand Jury sitting the Southern District of Florida returned an Indictment charging the defendant, along with three other co-defendants, with conspiracy to possess, and possession with intent to distribute, cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of Title 46, United States Code, Sections 70506(b) and 70503(a)(1) (DE 17). The charges arose when the United States Coast Guard interdicted the vessel the defendant was in which contained 290 kilograms of cocaine. (PSI ¶ 3-10). The defendant along with his codefendants proceeded to trial (DE 144). Following a four day trial, the

1

jury returned a verdict of guilty as to both counts in the Indictment (DE 154). In preparation for sentencing, the United States Probation Office prepared a Presentence Investigation Report ("PSI")(DE 163). The PSI found that the defendant had a Total Offense Level of 36 with a Criminal History Category of I, yielding an advisory guideline range of 188 to 235 months (PSI ¶ 47). On February 13, 2015, after extensive arguments from counsel and after considering all the 3553 factors, this Court imposed a sentence of 188 months' imprisonment followed by 5 years' supervised release finding that the sentence was sufficient, but not greater than necessary (DE 184).

The defendant is serving his sentence at Federal Correctional Institute - Pollock, with an anticipated release date of September 5, 2026.

II.   **OFFENSE CONDUCT**

On November 5, 2015, a United States Marine Patrol Aircraft detected three "panga styled" vessels (pangas) approximately 120 nautical miles southwest of the El Salvador-Guatemala land border in international waters and upon the high seas (PSI ¶ 3). The United States Coast Guard Cutter *Rush*, which was in the area, deployed a patrol helicopter to investigate (PSI ¶ 3).

Upon arriving at the location of the pangas, the patrol helicopter crew observed two[1] pangas racing in a northeasterly direction at a high rate of speed toward El Salvador (PSI ¶ 4). After spotting bales consistent with narcotics packaged on the deck of one of the pangas, the patrol helicopter crew focused its attention on that panga (PSI ¶ 4). The panga was not flying a flag nor displayed any ensign evidencing a home port or port of registry (PSI ¶ 5).

---

1 One of the three pangas was discovered to be abandoned while the two others continued to drive on the high seas.

The patrol helicopter crew illuminated their blue lights, a universal symbol of law enforcement, and attempted to hail the panga via radio, but were met with no response (PSI ¶ 6). They then gave hand signals to the panga crew members to heave, but the captain shook his head side-to-side, indicating "No," and motioned for the helicopter to "go away." *Id*. Pursuant to USCG protocol, the patrol helicopter crew fired warning shots across the bow of the panga. *Id*. However, the panga and the defendants aboard continued to flee. *Id*. Thereafter, the patrol helicopter crew fired one round into the port engine which caused the panga to slow down to an idle. *Id*. While idling, the defendants on board the panga jettisoned numerous bales of narcotics into the ocean before fleeing again. (PSI ¶ 7). The patrol helicopter crew marked the location of the bales and pursued the panga a second time. *Id*. The helicopter crew fired upon the panga's engines causing it to become disabled permanently. *Id*.

A small boat crew was launched from the USCG *Rush* and upon approaching the panga, they did not observe any signs of nationality. (PSI ¶ 8). On board the panga, the defendants self-identified themselves, and the vessel, as Guatemalan national. (PSI ¶ 8). Based on this verbal claim, the Government of Guatemalan was contact and responded they could neither confirm nor deny nationality for the vessel. Based on this response, the vessel was treated as a vessel without nationality, and therefore, subject to the jurisdiction of the United States. A full law enforcement boarding followed. *Id.*

Ion scans of swipes taken from various areas of the panga revealed the presence of cocaine (PSI ¶ 9). In addition to various radio and satellite technology, the USCG boarding team recovered approximately 290 kilograms of cocaine (PSI ¶ 9-10).

### III. LEGAL STANDARD

A motion to reduce an otherwise final sentence under 18 U.S.C. § 3582(c)(2) is a limited and narrow exception to the rule that final sentences are not to be modified. *See United States v. Armstrong*, 347 F.3d 905, 909 (11th Cir. 2003). Specifically, 18 U.S.C. § 3582(c)(2), provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court *may* reduce the term of imprisonment, after consulting the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction *is consistent with applicable policy statements issued by the Sentencing Commission*.

18 U.S.C. § 3582(c)(2) (emphasis added). Thus, under 18 U.S.C. § 3582(c)(2), a district court must undertake a two-step process. *See Dillon v. United States*, 560 U.S. 817 (2010). First, the court must determine if the defendant is eligible for relief under 18 U.S.C. § 3582(c)(2). *Id*. at 826–27. The statute authorizes relief only if a retroactive amendment to the sentencing guidelines lowers the defendant's applicable sentencing guidelines range *and* relief is consistent with applicable policy statements. *Id*. The applicable policy statement here bars a court from granting relief below the bottom of the amended guideline range. U.S.S.G. § 1B1.10(b)(2)(A).

Then, if a defendant is eligible for 18 U.S.C. § 3582(c)(2) relief, the court must determine if it will exercise its discretion to reduce that defendant's sentence after it has considered the 18 U.S.C. § 3553(a) factors[2], *id*. at 826–27, and "the nature and seriousness of the danger to any

---

[2] The 18 U.S.C. § 3553(a) factors that the court must consider in ruling on a defendant's 18 U.S.C. § 3582(c)(2) motion include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to accomplish certain aims, such as to reflect the seriousness of the offense, afford adequate deterrence, protect the public, or the defendant's educational, medical, or correctional treatment needs; (3) the kinds of sentences available; (4) the applicable sentencing range under the guidelines; (5) any pertinent Sentencing Commission policy statement; (6) the need to avoid unwarranted disparities among defendants; (7) the need to provide restitution to any victim of the offense. 18 U.S.C. § 3553(a).

person or the community that may be posed by a reduction in the defendant's term of imprisonment." U.S.S.G. § 1B1.10, cmt. n. 1(B).

Under the § 1B1.10(a)(1) policy statement: "[i]n a case in which a defendant is serving a term of imprisonment, and the guideline range applicable . . . has subsequently been lowered as a result of an amendment . . . the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)." Notably, "if a defendant receives a sentence modification under § 3582(c)(2), subsequent reduction based on the same amendment to the Guidelines is not available—the modified sentence is no longer based on the outdated Guidelines range." *United States v. Caraballo-Martinez*, 866 F.3d 1233, 1240 (11th Cir. 2017). Courts cannot "reduce [a] defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(A).

Last, it should be noted that although the amendment went into effect on November 1, 2023, the Sentencing Commission has determined that any order reducing a defendant's sentence cannot have an effective date prior to February 1, 2024. *See* U.S.S.G. § 1B1.10(e)(2) (effective November 1, 2023).[3] "A reduction based on the retroactive application of Part A or Part B, Subpart 1 of Amendment 821 that does not comply with the requirement that the order take effect no earlier than February 1, 2024, is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2)." U.S.S.G. § 1B1.10, cmt. n. 7 (effective November 1, 2023).

---

[3]     If a defendant is scheduled for release before February 1, 2024, he is not entitled to relief under the new amendment.

## IV. LEGAL ANALYSIS

### A. Eligibility

The defendant here seeks relief based on the zero-point offenders amendment. This provision "provide[s for] a decrease of two levels from the offense level . . . for defendants who did not receive any criminal history points . . . and whose instant offense did not involve specified aggravating factors." Application to Amendment 821 (Parts A and B, Subpart 1 Only), Amendment to the Sentencing Guidelines, https://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendly-amendments/202308_RF-retro.pdf. Specifically, a defendant must meet all the following criteria to be eligible for relief:

(1) the defendant did not receive any criminal history points from Chapter Four, Part A;

(2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);

(3) the defendant did not use violence or credible threats of violence in connection with the offense;

(4) the offense did not result in death or serious bodily injury;

(5) the instant offense of conviction is not a sex offense;

(6) the defendant did not personally cause substantial financial hardship;

(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);

(9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and

6

> (10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848.

U.S.S.G. § 4C1.1.

The defendant in this case is eligible for relief under the new "zero-point offender" amendment for the following reasons. Firstly, the defendant was not sentenced at an applicable mandatory minimum term of imprisonment (e.g., precisely 180 months for an ACCA defendant). He was instead sentenced to 188 months of imprisonment. (DE 184). Secondly, the defendant has zero criminal history points. (PSI ¶ 28). Thirdly, the defendant meets the criteria enumerated as 2 through 10 above. Fourthly, following a two-level reduction of the defendant's original offense level of 36, his sentence was not at the bottom of or below the new guideline range for level 34. U.S.S.G. ch. 5, pt. A. His sentence of 188 months falls within the Offense Level 34 guideline range of 151 to 188 months. *Id.*

### B. The 18 U.S.C. § 3553(a) Factors

Although the defendant is eligible for relief, a reduction is not warranted under the § 3553(a) factors. The sentence imposed by the court is appropriate considering the nature and circumstances of the offense. It also satisfies the need for the sentence imposed to reflect the seriousness of the offense and afford adequate deterrence. First and foremost, the amount of cocaine was substantial, i.e. 290 kilograms. The circumstances of the offense demonstrate a high level of criminal intent, planning and determination --- the transport of hundreds of kilograms of cocaine across hundreds of miles of open sea in not one but *three* boats and the subsequent jettison of multiple barrels of cocaine. And while the court did not apply the enhancement for the defendants' failure to heave in this case, the circumstances of fleeing and eluding the USCG

helicopter *twice* must be considered. Additionally, the failure to heed warning shots necessitated the extremely dangerous act of deploying disabling fire, which despite the extraordinary skill of the marksman could easily have resulted in serious injury or death to not only the crew of the panga but also the helicopter crew. Additionally, the defendant has never accepted responsibility for his criminal conduct neither at the time of his arrest nor at any time during the pendency of his case. The sentence imposed by the Court was determined after considering all the 3553, as a sentence that was sufficient, but not greater than necessary to reflect the seriousness of the case and to deter future criminal conduct. The United States submits the current sentence is appropriate under the circumstances and necessary to deter other maritime smugglers from undertaking a maritime smuggling endeavor and attempting to flee when instructed to stop by the Coast Guard or other entities charged with enforcing criminal laws.

## V. CONCLUSION

Based on the foregoing, the defendant motion for a sentence reduction should be denied.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

/s/ Yvonne Rodriguez-Schack
Yvonne Rodriguez-Schack
Assistant United States Attorney
Florida Bar No. 794686
99 N.E. 4th Street
Miami, FL 33132
305.961.9014
305.536.7213 Facsimile
Yvonne.Rodriguez-Schack@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 21, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and delivered the document by United States Mail to Jose Luis Aguilar Lopez, *pro se*, Inmate No. 02007-104, Federal Correctional Institution Pollock, Post Office Box 4050, Pollock, LA 71467.

/s/ Yvonne Rodriguez-Schack
Yvonne Rodriguez-Schack
Assistant United States Attorney
